```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 22, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
 :
DARREN LAWRENCE PETTY, :
 :
                       Plaintiff, :    10 Civ. 8581 (KPF)
 :
          v. :    OPINION AND ORDER
 :
CITY OF NEW YORK, *et al.*, :
 :
                    Defendants. :
 :
------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

By Opinion and Order dated November 25, 2014, the Court granted Defendants' motion for summary judgment in its entirety. *See Petty* v. *City of New York*, No. 10 Civ. 8581 (KPF), 2014 WL 6674446 (S.D.N.Y. Nov. 25, 2014).[1] Among other things, the Court found that (i) Plaintiff could not properly continue with his claims against the individual defendants (Opinion 19-20); (ii) Plaintiff's discrimination claims were procedurally barred (*id.* at 20-28); (iii) Plaintiff had failed to present evidence sufficient to sustain his retaliation claims (*id.* at 29-32); and (iv) Plaintiff had failed to establish a due process violation (*id.* at 35-36). Plaintiff then filed a motion for reconsideration, which the Court has considered pursuant to Rule 6.3 of the Local Rules of the United

---

[1] Familiarity with the facts detailed, and conclusions reached, in the Court's November 25, 2014 Opinion and Order (the "Opinion") is assumed. Plaintiff submitted two memoranda in support of his application for reconsideration, each of which was accompanied by several exhibits; these memoranda were docketed as a single entry in the Court's electronic case filing ("ECF") system (Dkt. #70). Plaintiff's reconsideration papers will be referred to using the document- and page-numbering conventions used by ECF. Plaintiff's submission in connection with the previous motion for summary judgment is referred to as "Pl. Opp."

States District Courts for the Southern and Eastern Districts of New York. For the reasons set forth in the remainder of this Opinion, the motion is denied.

## APPLICABLE LAW

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made to "reflexively [] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish*

v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

## DISCUSSION

The instant motion for reconsideration is not predicated on any controlling decisions the Court overlooked, nor has there been an intervening change in the law. Rather, Plaintiff renews three arguments that were considered, and rejected, in the original summary judgment motion. He also, for the first time in this motion, takes issue with certain facts on which the Court relied in resolving the prior motion.

Echoing his summary judgment opposition, Plaintiff argues that equitable tolling is warranted (and, by extension, that his discrimination claims are not time-barred) because Defendants failed to establish that any of the three disqualification letters was sent to him. (Dkt. #70 at 1-22; Dkt. #70-1 at 1-20). Plaintiff again focuses on the possibility that postage was affixed to the letters using a private postage meter that could be, and in Plaintiff's estimation was, subject to manipulation. (*Id.*). Identical arguments were raised Plaintiff's opposition papers (*see* Pl. Opp. 4-5 and Ex. 3 (Dkt. #45)), and the exhibits submitted in connection with the reconsideration motion do not present a basis to alter the Court's decision. For starters, several of these exhibits are not relevant to the issues at hand, including the memorandum of the Office of Chief Counsel of the Internal Revenue Service. (Dkt. #70 at 3-4). More to the point, the Court has reviewed the envelopes of the relevant mailings (*see* Declaration of Cindy Switzer (Dkt. #39), Ex. G at D650, Ex. K at D646, Ex. O at D656, Ex. U at D869), and finds that no reasonable jury could conclude that

3

any of the postmarks was in any way subject to manipulation. (*See* Opinion 27-28). Indeed, one of Plaintiff's exhibits to his reconsideration motion underscores this point: an excerpt from the Pacific Business News, which discusses modernization by the U.S. Postal Service of its postage meters, notes that older, "letter-press" meters were being replaced with inkjet-print meters and bar coding precisely in order to reduce the possibility of date manipulation. (Dkt. #70-1 at 6). All but one of the envelopes in this case have postage affixed by an inkjet-print meter and a related bar code.

Plaintiff's other reconsideration arguments fare no better. First, Plaintiff takes issue with the Court's conclusion of procedural bar based on his failure to exhaust administrative remedies. (Dkt. #70 at 1). Specifically, he notes that he filed the instant action within 90 days of receiving his right to sue letter. However, as made clear in the Opinion (Opinion 20-25), the Court's conclusion was grounded in the fact that Plaintiff's complaint to the New York State Division of Human Rights included only a claim of discrimination based on his arrest record, and did not — explicitly or implicitly — claim discrimination based on his race, color, or disability.

Plaintiff next claims that individuals involved with the administration of the New York City Police Department's (the "NYPD") psychological tests altered the test results. (Dkt. #70 at 1; Dkt. #70-1 at 2). Plaintiff includes no substantiation of this argument in his exhibits to the reconsideration motion, nor does he identify any evidence previously submitted to the Court that was overlooked in its Opinion. Indeed, in a Scheduling Order dated December 27, 2013, the Court memorialized that Plaintiff had withdrawn his request for

4

psychological testing documents, and that it would have denied the request on relevance grounds. (Dkt. #32 ("The Court understands Plaintiff to have withdrawn his request for the NYPD Psychological Testing Documents, based on his statements at the December 20 conference. In any event, the request for production is denied on the ground that these documents have not been shown to be relevant to any claim or defense being asserted in this action, *see* Fed. R. Civ. P. 26(b)(1), as Plaintiff has represented that he is only seeking to challenge, as discriminatory or retaliatory, the results of the psychologist interviews, not the more formal psychological testing conducted by the NYPD.")). In any event, such evidence would have gone to Plaintiff's discrimination claims, which the Court found to be procedurally barred on various bases.

    Plaintiff also claims that the NYPD violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 (the "ADA"), by subjecting him to pre-employment medical and/or psychological screening prior to giving him a conditional offer of employment. (Dkt. #70 at 1; Dkt. #70-1 at 2). This claim, however, was not raised in Plaintiff's opposition papers, nor was it raised in his complaint. (*Cf.* Dkt. #2 (Complaint); Dkt. #45 (Pl. Opp.)). It cannot therefore be raised in a motion for reconsideration. *See Deng v. 278 Gramercy Park Grp., LLC*, No. 12 Civ. 7803 (DLC), 2014 WL 4996255, at *1 (S.D.N.Y. Oct. 7, 2014) ("[A] party moving for reconsideration may not advance new facts, issues, or arguments not previously presented to the Court." (quotation marks and citation omitted)); *see generally Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (stating that the Second Circuit "generally will not consider an argument on appeal that was raised for

the first time below in a motion for reconsideration" (quotation marks and alteration omitted)).

Finally, Plaintiff has submitted pages from the Court's Opinion that he has annotated and/or highlighted. (*See, e.g.*, Dkt. #70-1 at 3, 21, 23, 27; Dkt. #70-2 at 1, 6-7, 10, 12-13, 20). For certain of these annotations, it appears that Plaintiff is challenging factual findings made by the Court. (*See generally* Dkt. #70-1 at 2). None of the annotations, however, provides support for reconsideration of the Court's decision. To the extent Plaintiff is challenging certain factual assertions that were originally made in Defendants' Statement of Undisputed Facts pursuant to Local Rule 56.1, such challenges cannot be made in the context of a motion for reconsideration. That said, and as noted in the Opinion, the Court did undertake an independent review of the record before accepting the factual assertions made by Defendants. (*See* Opinion 2 n.1). *See Hayes* v. *Cnty. of Sullivan*, 853 F. Supp. 2d 400, 406 n.1 (S.D.N.Y. 2012) ("In light of Plaintiff's pro se status, the Court overlooks his failure to file a Local Rule 56.1 Statement and conducts its own independent review of the record."). And with particular respect to the purported divergence in statements by Deputy Director Marvell to Plaintiff in connection with his 2009 renewed application to the New York City Department of Correction (*see* Dkt. #70-1 at 2, 21-22 (comparing Opinion 10-12 with New York State Division of Human Rights file excerpt)), any divergence in statements was immaterial because the Court adopted the version that was *more* favorable to Plaintiff's arguments. Setting to the side these annotations, Plaintiff has not submitted

any evidence calling the Court's factual findings — or its legal conclusions — into question. For this reason as well, Plaintiff's reconsideration motion fails.

## CONCLUSION

Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at Docket Entry 70.

SO ORDERED.

Dated: December 22, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Darren Lawrence Petty
1699 Chattam Parkway
Apt. 1421-A
Savannah, GA 31405